UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL GLASGO,

        Plaintiff,

v.

UBER TECHNOLOGIES, INC.,

        Defendant.

Case No. 8:19-cv-00097-VMS-AAS

**DEFENDANT UBER TECHNOLOGIES, INC.'S
MOTION TO DISMISS, TRANSFER, OR STAY THE ACTION**

Defendant Uber Technologies, Inc. ("Uber") moves for an order to dismiss this case under the first-to-file rule. In the alternative, Uber requests that the Court: 1) transfer the case to the Northern District of California under the first-to-file rule or pursuant to 28 U.S.C. § 1404(a); or 2) stay the case under the first-to-file rule.

1. Plaintiff Michael Glasgo claims that Uber violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by allegedly sending unsolicited text messages regarding "Uber codes" to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") after Plaintiff's alleged requests that the text messages stop.

2. Under the first-to-file rule, this Court should dismiss, transfer, or stay this action, as it is duplicative of a nearly identical action, *In re Uber Text Messaging*, No. 4:18-cv-02931-HSG, pending in the Northern District of California, which consolidated three separate actions filed last year. Both this action and *In re Uber Text Messaging* allege nationwide TCPA claims against Uber based on the same alleged "Uber Code" messages; and assert nearly identical factual allegations, requests for relief, and questions of law.

3.Given the substantial overlap between the cases and in the interests of judicial economy, the Court should dismiss this action pursuant to the first-to-file doctrine. Transferring this action is also appropriate under the first-to-file doctrine or 28 U.S.C. § 1404(a), which permits a court to transfer an action to a district in which the action "might have been brought" where transfer would serve the interests of convenience or justice. This action could have been brought in the Northern District of California, and transfer would serve the interests of convenience and justice given the substantial overlap with the consolidated California case. If the Court does declines to dismiss or transfer this action, the Court should stay the action under the first-to-file doctrine.

WHEREFORE, Uber respectfully requests that this Court dismiss this case under the first-to-file rule. In the alternative, Uber requests that the Court transfer this action pursuant to the first-to-file rule and 28 U.S.C. § 1404(a), or stay the action.

## MEMORANDUM OF AUTHORITY

**I.INTRODUCTION**

Plaintiff is attempting to litigate claims that are essentially identical to claims that are already being litigated in a consolidated class action pending in the Northern District of California. That nearly identical action, *In re Uber Text Messaging*, No. 4:18-cv-02931-HSG (N.D. Cal.) ("*In re Uber Text*") has been litigated in California since May 2018 when the first of three cases that were eventually consolidated was filed.[1] The *In re Uber Text* plaintiffs brought a putative nationwide class action asserting the same allegations against the same San Francisco-based Defendant, based on the same cause of action under the TCPA, and based on the same

---

[1] *Manning v. Uber Techs., Inc.*, Case No. 4:18-cv-02931-HSG (N.D. Cal.) was filed on May 18, 2018. *Manning* and two other cases were consolidated in *In re Uber Text*, and the Consolidated Complaint was filed on October 4, 2018.

2

alleged "Uber Code" text messages. And because that case has been litigated for nearly a year, the *In re Uber Text* court is familiar with the factual and legal issues in this case. To avoid the risk of conflicting decisions and to conserve the parties' and the Court's resources, this Court should dismiss this action under the first-to-file rule or, in the alternative either: 1) transfer this case to the Northern District of California under first-to-file rule or 28 U.S.C. § 1404(a); or 2) stay the action pursuant to the first-to-file rule.

## II. FACTUAL BACKGROUND

### A. *The In Re Uber Text Litigation*.

On October 4, 2018, Plaintiffs Wanda Rogers, Lucius Manning, Andrew Katzman, Christopher Ziers, and Carla Vario (collectively, the "*In re Uber Text* plaintiffs") filed a consolidated nationwide class action against Uber. (Declaration of Brandon T. White ("White Decl.") *See* Ex. 1 ["*In re Uber Text* Complaint"].[2]) The *In re Uber Text* plaintiffs reside in several different states, and plaintiff Rogers is a California resident. (*Id.* ¶ 4.) The *In re Uber Text* plaintiffs all allege that they received unsolicited "Uber Code" text messages from Uber in violation of the TCPA, and continued to receive those messages after allegedly replying "Stop." (*See, e.g.*, *id.* ¶¶ 1, 2, 16, 44-45.) The *In re Uber Text* plaintiffs purport to represent two nationwide classes of: (1) all persons who, on or after May 18, 2014, received a non-emergency text message on his or her cellular telephone from Uber or a third party acting on behalf of Uber without prior express consent; and (2) all persons who, on or after May 18, 2014, received a non-emergency text message on his or her cellular telephone from Uber or a third party acting on behalf of Uber, who replied to the message with the words "stop," "end," "cancel," or similar language and thereafter received at least one additional text message. (*Id.* ¶ 65.)

---

[2] Plaintiff Bollinger voluntarily dismissed his claims against Uber.

   **B.  This Case.**

  Nearly a year after *Manning* was filed and three months after the consolidated *In re Uber Text* complaint was filed, Plaintiff Michael Glasgo filed a Complaint in this Court on January 12, 2019 that is nearly identical to the *In re Uber Text* Complaint. (ECF No. 1.) Like the *In re Uber Text* plaintiffs, Glasgo alleges here that he received an unsolicited "Uber Code" text message from Uber in violation of the TCPA, and continued to receive "Uber Code" messages after he allegedly replied, "STOP." (*Id.* ¶¶ 1, 35, 37.) Plaintiff purports to represent a nationwide class of all persons who, within four years preceding the filing of the Complaint, received an "Uber Code" text message to their cellular phone from Defendant or through a vendor after the individuals opted out of the text message. (*Id.* ¶ 44.)

   **C.  The Two Complaints.**

  The factual and legal overlap between the two cases is substantial. The gravamen of both complaints is identical, and both cases hinge on whether Uber initiated unsolicited "Uber Code" text messages to plaintiffs after plaintiffs asked Uber to "stop," and whether this alleged conduct violates the TCPA. (ECF No. 1 ¶ 1; *In re Uber Text* Compl. ¶ 2.) Both complaints assert the same cause of action based on the purported violation of 47 U.S.C. § 227. (ECF No. 1 ¶¶ 56-61; *In re Uber Text* Compl. ¶¶ 74-86.) Both complaints assert this cause of action against Uber. (ECF No. 1 ¶ 1; *In re Uber Text* Compl. ¶ 2.) Both complaints involve the same alleged "Uber Code" messages. (ECF No. 1 ¶¶ 28, 35; *In re Uber Text* Compl. ¶¶ 14, 32, 36, 45, 48.) Both complaints allege substantially identical "common" questions purportedly applicable to the putative class. (ECF No. 1 ¶ 49; *In re Uber Text* Compl. ¶ 70 (listing "common" questions, including whether Defendant used an ATDS; whether defendant sent the text messages without

the consent of plaintiffs; whether defendant failed to honor opt out requests; whether defendant's conduct was knowing or willful; and whether plaintiffs are entitled to damages).

Even more, the purported class here is *fully encompassed* within the "Replied Stop Class" in *In re Uber Text*. (ECF No. 1 ¶ 44; *In re Uber Text* Compl. ¶ 65.)

### III. ARGUMENT

#### A. Because a Nearly Identical Case is Pending in The Northern District of California, Dismissal Is Warranted Under The First-To-File Rule.

"Under the first-to-file rule, a district court may choose to stay, transfer, or dismiss a duplicative later-filed action . . . ." *Tech Data Corp. v. Mainfreight, Inc.*, No. 8:14-cv-1809-T-23MAP, 2015 WL 628901, at *3 (M.D. Fla. Feb. 12, 2015) (quoting *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012)). "The primary purpose of the rule is to conserve judicial resources and avoid conflicting rulings." *Rudolph and Me, Inc. v. Ornament Central, LLC.*, No. 8:11-cv-670-T-33EAJ, 2011 WL 3919711, at *1 (M.D. Fla. Sept. 7, 2011) (citation omitted).

The Eleventh Circuit "require[s] that the party objecting to jurisdiction in the first-filed forum carry the burden of proving 'compelling circumstances' to warrant an exception to the first-filed rule." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005) (citation omitted); *see also id.* ("noting that the first-filed rule 'should not be disregarded lightly'" (quoting *Church of Scientology of Cal. v. U.S. Dep't of Defense*, 611 F.2d 738, 750 (9th Cir. 1979)). Plaintiff cannot overcome his heavy burden to avoid dismissal under the first-filed rule here.

#### 1. This Case Falls Squarely Within the First-to-File Rule.

Applying the first-to-file rule requires the evaluation of three factors: "(1) the chronology of the two actions; (2) the similarity of the parties, and (3) the similarity of the issues." *Rudolph*, 2011 WL 3919711, at *2. The parties and issues need not be identical; the relevant inquiry is

whether they "substantially overlap." *United States v. 22.58 Acres of Land, More or Less, Situated in Montgomery Cty.*., No. 2:08-CV-180-MEF, 2010 WL 431254, at *5 (M.D. Ala. Feb. 3, 2010); *Rudolph*, 2011 WL 3919711, at *2 ("disparity between the parties" does not make the first-to-file rule inapplicable). Each factor supports application of the first-to-file rule here.

<u>First</u>, the chronology of actions supports dismissal of this action. The *Manning* complaint was filed nearly a year ago in May 2018, and then consolidated in the *In re Uber Text* action, which was filed on October 4, 2018 and consolidated *Manning* with two other actions. Plaintiff filed this action on January 12, 2019. There is no question that this case is the later-filed action. *See Rudolph*, 2011 WL 3919711, at *2 (comparing the dates the complaints were filed for chronology factor of the first-to-file rule).

<u>Second</u>, the similarity of the parties favors application of the first-to-file rule. The only named Defendant in both actions is Uber, a San Francisco-based technology company. On the plaintiffs' side, in cases involving putative class actions, "courts routinely look to the similarities of the *proposed* classes" when comparing parties. *See Peterson v. Aaron's, Inc.*, No. 1:14-CV-1919-TWT, 2015 WL 224750, at *2 (N.D. Ga. Jan. 15, 2015) (citation omitted). The entire class Glasgo purports to represent in this case is subsumed within the putative class in *In re Uber Text*. (*Compare In re Uber Text Compl.* ¶ 65 *with* ECF No. 1 ¶ 44.) Indeed, Plaintiff Glasgo would be a member of the putative nationwide "Replied Stop Class" in *In re Uber Text*. The overlap in the proposed classes therefore supports dismissal as well. *Ingram-Fleming v. Lowe's Home Ctr., LLC*, No. 8:14-cv-2569-T-23MAP, 2015 WL 456509, at *1 (M.D. Fla. Feb. 3, 2015) (applying first-to-file rule where the first-filed action "probably" encompassed the putative class in the later-filed action).

Third, *In re Uber Text* and this case involve nearly identical legal and factual issues. Both cases center on the same "Uber Code" text messages allegedly sent by or on behalf of Uber, and both actions allege that these text messages violated the TCPA. (*See* ECF No. 1 ¶ 38; *In re Uber Text* Compl. ¶¶ 1, 2, 16, 44-45.) Additionally, both complaints describe nearly identical legal and factual issues, including: (1) whether Uber used an ATDS; (2) whether Uber sent the text messages without the consent of plaintiffs; (3) whether Uber failed to honor opt out requests; (4) whether Uber's conduct was knowing or willful; and whether plaintiffs are entitled to damages. (ECF No. 1 ¶ 49; *In re Uber Text* Compl. ¶ 70.) The substantially similar factual and legal issues thus warrant application of the first-to-file rule. *See Rudolph*, 2011 WL 3919711, at *3 ("The applicability of the first-filed rule is not limited to mirror image cases . . . . Rather, the principles underlying the rule support its application where the subject matter of the later filed case substantially overlaps with that of the earlier one." (citation omitted)).[3]

### 2.     This Case Should Be Dismissed.

Permitting this later-filed case to proceed here, in parallel with *In re Uber Text*, poses precisely the risks the first-to-file rule is intended to prevent—duplicative litigation, waste of judicial resources, and inconsistent rulings. Dismissal is therefore warranted under the first-to-file rule given the substantial overlap of the issues and parties between this case and *In re Uber Text*. *See, e.g.*, *Strother v. Hylas Yachts, Inc.*, No. 12-80283-CV, 2012 WL 4531357, at *2-3 (S.D. Fla. Oct. 1, 2012) (dismissing action under the first-to-file rule given the "substantial overlap" in the parties and issues). Judicial economy also militates in favor of dismissal because

---

[3] There is no question here that the anticipatory suit exception does not apply. "The anticipatory suit exception to the first-filed rule applies when one party, on notice of a potential lawsuit, files a declaratory judgment action in its home forum." *Collegiate Licensing Co. v. American Cas. Co. of Reading, Pa.*, 713 F.3d 71, 79 (11th Cir. 2013). The anticipatory suit exception does not apply here. Neither case was initiated by Uber. Thus, this is "not the classic case where one party has filed an anticipatory suit . . . in a preferred forum." *See Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 792 (6th Cir. 2016).

Judge Haywood Gilliam, Jr. has presided over *In re Uber Text* for months and is already familiar with the same issues and law that would need to be analyzed in resolving this case. *See, e.g., AIG Prop. Cas. Co. v. Charlevoix Equity Partners Int'l Inc.*, No. 16-24272-CIV, 2017 WL 222053, at *1 (S.D. Fla. Jan. 17, 2017) (dismissing case under the first-to-file rule because "it is in the interests of judicial economy not to have two district judges adjudicating the issues"); *Tech Data Corp.*, 2015 WL 628901, at *3 (dismissing second filed action under the first-to-file rule where the first-filed action likely would resolve one of plaintiff's claims). Plaintiff cannot meet his burden of demonstrating any "compelling circumstances" that would justify departure from the first-to-file rule. This case should be dismissed accordingly.

### B. Alternatively, Transfer to the Northern District of California Is Warranted.

If the court does not dismiss this action—and it should—the case should be transferred to the Northern District of California under either the first-filed rule or 28 U.S.C. § 1404(a).

 "Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across federal circuits that favors the forum of the first-filed suit under the first-filed rule." *Manuel*, 430 F.3d at 1135 (citing cases). Courts routinely transfer later-filed actions under the first-to-file rule where the two cases involve substantially similar legal and factual issues without an analysis under 28 U.S.C § 1404(a). *Rudolph*, 2011 WL 3919711, at *3 (transferring the case to the first-filed district pursuant only to the "first-to-file rule"); *Ingram-Fleming*, 2015 WL 456509, at * 2 (first-to-file rule justified transfer). The same is true here.

In addition, under Section 1404(a), a district court may transfer a case to any other district where the action "might have been brought" if the transfer would serve the "convenience of the parties and witnesses" or promote "the interest[s] of justice." 28 U.S.C § 1404(a). Section

1404(a) was enacted to "prevent the waste of time, energy and money, and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotation marks and citation omitted). Courts have broad discretion to transfer an action to another venue under section 1404(a). *Brown v. Conn. Gen. Life Ins. Co.*, 934 F.2d 1193, 1196-97 (11th Cir. 1991).

### 1. This Action Could Have Been Brought in the Northern District of California.

As a threshold issue, this Court must determine first whether this action could have been brought in the Northern District of California. *Del Monte Fresh Produce Co. v. Dole Food Co., Inc.*, 136 F. Supp. 2d 1271, 1281 (S.D. Fla. 2001). This requires that defendants be subject to the jurisdiction of the Northern District of California; that the Northern District of California be a proper venue; and that defendants are amenable to service of process in California.

The Northern District of California is a district in which this action "might have been brought." First, as Glasgo's Complaint alleges, this Court's subject matter jurisdiction is premised on federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227. (ECF No. 1 ¶ 6; *see also In re Uber Text* Compl. ¶ 10 [alleging jurisdiction under 28 U.S.C. § 1331].) Subject matter jurisdiction would thus also be proper in the Northern District of California pursuant to federal question jurisdiction. Additionally, the Northern District of California does not present venue or service of process issues in this case. Uber's principal place of business is in San Francisco, California. (ECF No. 1 ¶ 9.) Uber is also subject to the jurisdiction of the Northern District of California in the substantially similar *In re Uber Text* matter.

## 2. Transferring This Action to the Northern District of California Will Serve the Interests of Convenience.

Transferring this action also will serve the interests of convenience. Federal courts in this circuit look to numerous factors to make this determination, including the appropriate level of deference to the chosen forum of the plaintiff; convenience of the parties and witnesses; availability of compulsory process for non-party witnesses; and public interest in the action. *See, e.g.*, *Gould v. Nat'l Life Ins. Co.*, 990 F. Supp. 1354, 1357-58 (M.D. Ala. 1998); *Moghaddam v. Dunkin Donuts, Inc.*, No. 02-60045-CIV-ZLOCH, 2002 WL 1940724, at *2 (S.D. Fla. Aug. 13, 2002). These factors weigh in favor of transfer to the Northern District of California.

The chosen forum of the plaintiff. Courts show minimal deference to the chosen forum of a class-action plaintiff where not all class members reside in that forum. *Moghaddam*, 2002 WL 1940724, at *3 (citing *Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947)); *Credit Bureau Servs., Inc. v. Experian Info. Sols., Inc.*, No. 12-61360-CIV, 2012 WL 6102068, at *25 (S.D. Fla. Dec. 7, 2012) (noting that "the nationwide-class nature of this action" significantly diminished consideration given to the plaintiff's chosen forum); *see also Martin v. Scottrade, Inc.*, No. 8:17-cv-1042 T-24 AAS, 2017 WL 6624136, at *4 (M.D. Fla. Dec. 28, 2017) (giving "little deference" to plaintiff's choice where the operative facts underlying the cause of action occurred outside of plaintiff's chosen forum); *Rishell v. Comput. Scis. Corp.*, No. 6:13-cv-213-Orl-28GJK, 2013 WL 11834245, at *2 (M.D. Fla. July 24, 2013) ("Plaintiff's choice of forum is not entitled to substantial deference because the Complaint is a putative class action[.]"). Here, the putative class is nationwide. Under these circumstances, Plaintiff's preference for a Florida forum should not be given deference.

Convenience of the parties and witnesses. Federal courts in this circuit have ordered transfer of venue where the transferee district is convenient to defendants. *See Cellularvision*

*Tech. & Telecomms., L.P. v. Alltel Corp.*, 508 F. Supp. 2d 1186, 1190 (S.D. Fla. 2007) (ruling that for the defendants, transfer would be "much more convenient" since they could then "proceed where they are headquartered nationally"). Here, Uber's principal place of business is in San Francisco, California. (ECF No. 1 ¶ 9; *see also In re Uber Text* Compl. ¶ 12 [alleging that "Uber made critical decisions concerning its text messaging practices in California, and such decisions emanated from California."]; *Frey v. Minter*, No. 8:17-cv-147-T-30JSS, 2017 WL 2172195, at *3 (M.D. Fla. May 17, 2017) (transferring action under section 1404 where the transferee district was "a more convenient venue to obtain relevant documents and the attendance of non-party witnesses").

Moreover, the majority of witnesses are not located in this district. *Cellularvision*, 508 F. Supp. 2d at 1191 (transfer of venue proper where the majority of witnesses are not located in the transferor district). The proposed class purports to include members throughout the country. Uber is not aware of any non-party witnesses residing in the Middle District of Florida. In the class action context, the dispersal of class members across the United States indicates that transfer to another district would not impose any additional inconvenience to plaintiffs. *Culp v. Gainsco, Inc.*, No. 0320854CIV, 2004 WL 2300426, at *4 (S.D. Fla. Oct. 1, 2004).

<u>Availability of compulsory process for non-party witnesses</u>. Because of the wide geographic scale of the putative class, potential non-party witnesses are no more likely to be amenable to attending a trial or hearing in Florida than in California. Thus, this factor does not weigh either for or against transfer.

<u>Public interest considerations</u>. Florida courts have ordered venue transfer where there is no strong connection between the action and the district in which it is pending. *Cellularvision*, 508 F. Supp. 2d at 1192 (stating that "[c]itizens in the Southern District of Florida have little

interest" in a dispute involving businesses headquartered in Arkansas). Here, public interest considerations weigh in favor of transfer to the Northern District of California because the only connection to Florida is based on alleged text messages sent to a single person. Even more, the text messages were allegedly sent to recipients "across the country." (ECF No. 1 ¶ 33.)

Under Section 1404(a), the relevant factors weigh in favor of transfer to the Northern District of California.

### 3.     The Interests of Justice Also Compel Transferring This Action.

The "interest of justice" component of 28 U.S.C. § 1404(a) is an independent basis upon which a court may transfer an action, separate from consideration of any convenience factors. *See Elecs. for Imaging, Inc. v. Tesseron, Ltd.*, No. C 07 05534 CRB, 2008 WL 276567, at *1 (N.D. Cal. Jan. 29, 2008) ("Consideration of the interest of justice, which includes judicial economy, may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result." (quoting *Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997))); *see also Polyform A.G.P., Inc. v. Plastics Co.*, 2010 WL 4068603, at *6 (M.D. Ga. Oct. 15, 2010) (citing *Regents* for the proposition that judicial economy should be afforded determinative weight). Of the various factors courts consider when a party requests transfer "in the interests of justice" under section 1404(a), the promotion of judicial economy is key. *See Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960) ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent."). Thus, the pendency of similar litigation is sufficient, ***by itself***, to compel a transfer.

As discussed above, this action and *In re Uber Text* involve overlapping parties, similar factual allegations about the same alleged text message, and similar legal issues. It is in the

interests of justice that related cases be heard together. Transfer here will avoid duplicative litigation, ensure judicial economy, and prevent the waste of time and money. Indeed, with both cases in California, Judge Gilliam would be able to manage the actions in order to avoid duplicative discovery, motion practice, and unnecessary costs. *See* Fed. R. Civ. P. 42; *Rainin Instrument, LLC v. Gilson, Inc.*, No. C 05-04030 JSW, 2006 WL 708660, at *4 (N.D. Cal. Mar. 15, 2006) (granting motion to transfer, finding that transferee court was "intimately familiar with the issues and evidence central to this case"); *see also Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009) (recognizing judicial economy in having case decided by judge who was handling companion case and whose familiarity would provide "a leg up on the legal and factual issues presented").

The interests of justice also favor transfer of this case to the Northern District of California.

### C. Absent Dismissal or Transfer, The Court Should Stay This Action.

If the Court declines to dismiss or transfer this action, the Court should stay the case pending resolution of *In re Uber Text* to preserve the Court's and the parties' resources and to avoid inconsistent rulings in two nearly identical cases. *See, e.g., Ass Armor, LLC v. Under Armour, Inc.*, No. 15-20853-CIV, 2015 WL 2155724, at *3 (S.D. Fla. May 7, 2015) (staying second-filed case under the first-to-file rule pending resolution of the first-filed case); *cf.*, *Ruiz v. Circle K Stores, Inc.*, No. 2:14-cv-404-FtM-38CM, 2018 WL 467115, at *1 (M.D. Fla. Jan. 18, 2018) (noting that case was stayed under the first-to-file rule for three years pending proceedings in an identical, first-filed wage and hour collective action pending in another district).

## **CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to Local Rule 3.01(g), and as set forth above, I certify that co-counsel for the movant, Morrison & Foerster LLP, has conferred with Plaintiff's counsel regarding the relief sought in this motion, and that Plaintiff's counsel opposes Uber's motion.

Dated: March 8, 2019                           /s/ *Brandon T. White*
                                                                Edward M. Mullins, Esq. (FBN 863920)
                                                                emullins@reedsmith.com
                                                                Brandon T. White, Esq. (FBN 106792)
                                                                bwhite@reedsmith.com
                                                                **REED SMITH LLP**
                                                                1001 Brickell Bay Drive
                                                                Suite 900
                                                                Miami, Florida 33131
                                                                Telephone: (786)747-0200
                                                                Facsimile:  (786)747-0299
                                                                ***Counsel for Defendant Uber Technologies, Inc***

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 8, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel or parties of record.

*/s/ Brandon T. White*
Brandon T. White , Esq.