**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA**

Case No. 8:19-cv-00097-VMC-AAS

| | |
|---|---|
| MICHAEL GLASGO, individually, and on behalf of others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>UBER TECHNOLOGIES, INC., a Delaware corporation,<br><br>        Defendant. | **CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT UBER TECHNOLOGIES, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendant Uber Technologies, Inc. ("Uber"), by and through its undersigned attorneys, hereby answers to the Complaint for Statutory Damages Under the Telephone Consumer Protection Act (TCPA) (the "Complaint") of Plaintiff Michael Glasgo ("Plaintiff"). Uber repeats the headings contained in the Complaint for ease of reference. But to the extent that factual allegations are contained in the headings in the Complaint, Uber denies such allegations, or is without sufficient knowledge or information to form a belief as to the truth of such allegations, and on that basis denies them. Unless expressly admitted herein, Uber lacks sufficient information at this time to admit or deny the allegations of the Complaint and, on that basis, denies the allegations as follows:

1.      Responding to paragraph 1 of the Complaint, Uber states that, to the extent the allegations in paragraph 1 state conclusions of law, no response thereto is required. Uber further

denies the allegations of paragraph 1, except admits that Plaintiff purports to bring an action under the Telephone Consumer Protection Act, or TCPA.

2. Responding to paragraph 2 of the Complaint, Uber states that, to the extent the allegations in paragraph 2 state conclusions of law, no response thereto is required. To the extent the allegations contained in paragraph 2 do not state conclusions of law, Uber denies each and every allegation contained in paragraph 2.

3. Responding to paragraph 3 of the Complaint, Uber states that, to the extent the allegations in paragraph 3 state conclusions of law, no response thereto is required. To the extent the allegations contained in paragraph 3 do not state conclusions of law, Uber denies each and every allegation contained in paragraph 3.

4. Responding to paragraph 4 of the Complaint, Uber lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint, and therefore denies them.

5. Responding to paragraph 5 of the Complaint, Uber denies that Plaintiff is entitled to relief of any kind and denies that any class can be certified in this matter, except admits that Plaintiff purports to seek injunctive relief and an award of statutory damages to the class members.

**JURISDICTION AND VENUE**

6. Responding to paragraph 6 of the Complaint, Uber states that, to the extent the allegations in paragraph 6 state conclusions of law, no response thereto is required. To the extent the allegations contained in paragraph 6 do not state conclusions of law, Uber lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint, and therefore denies them. Uber further denies that any class can be certified in this matter.

7. Responding to paragraph 7 of the Complaint, Uber states that, to the extent the allegations in paragraph 7 state conclusions of law, no response thereto is required. To the extent the allegations contained in paragraph 7 do not state conclusions of law, Uber denies each and every allegation contained in paragraph 7.

**PARTIES**

8. Responding to paragraph 8 of the Complaint, Uber states that it lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and, on that basis, Uber denies each and every allegation contained in paragraph 8.

9. Responding to paragraph 9 of the Complaint, Uber denies the allegations except admits that Uber offers a software application that allows the public to request transportation services from independent, third-party transportation providers. Uber further admits that it is a Delaware corporation and its principal address is 1455 Market Street, 4th Floor, San Francisco, CA 94103, and that its registered agent for service of process in the State of Florida is CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

10. Responding to paragraph 10 of the Complaint, Uber states that to the extent the allegations contained in paragraph 10 state conclusions of law, no response thereto is required. To the extent that the allegations in paragraph 10 do not state conclusions of law, Uber admits that it does business in the United States, including the state of Florida.

11. Responding to paragraph 11 of the Complaint, Uber states that to the extent the allegations contained in paragraph 1 state conclusions of law, no response thereto is required. To the extent the allegations contained in paragraph 11 do not state conclusions of law, Uber denies each and every allegation contained in paragraph 11.

## AN OVERVIEW OF THE TCPA

12. Responding to paragraph 12 of the Complaint, Uber states that Congress enacted the TCPA in 1991. Uber otherwise lacks sufficient information to admit or deny the allegations contained in paragraph 12 and, on that basis, denies each and every allegation contained in paragraph 12.

13. Responding to paragraph 13 of the Complaint, Uber states that the allegations in paragraph 13 state conclusions of law, and no response thereto is required.

14. Responding to paragraph 14 of the Complaint, Uber states that the allegations in paragraph 14 state conclusions of law, and no response thereto is required.

15. Responding to paragraph 15 of the Complaint, Uber states that the allegations in paragraph 15 state conclusions of law, and no response thereto is required.

16. Responding to paragraph 16 of the Complaint, Uber states that the allegations in paragraph 16 state conclusions of law, and no response thereto is required.

17. Responding to paragraph 17 of the Complaint, Uber states that the allegations in paragraph 17 state conclusions of law, and no response thereto is required.

18. Responding to paragraph 18 of the Complaint, Uber states that the allegations in paragraph 18 state conclusions of law, and no response thereto is required.

19. Responding to paragraph 19 of the Complaint and its subparts, Uber states that the allegations in paragraph 19 and its subparts state conclusions of law, and no response thereto is required.

20. Responding to paragraph 20 of the Complaint, Uber states that, to the extent the allegations in paragraph 20 state conclusions of law, no response thereto is required. To the extent the allegations contained in paragraph 20 do not state conclusions of law, Uber denies each and every allegation contained in paragraph 20.

## FACTUAL ALLEGATIONS

21. Responding to paragraph 21 of the Complaint, Uber admits that the website located at www.uber.com/cities provides certain information about Uber, refers to the content on that webpage for its full text and context, and denies each and every allegation contained in paragraph 21 to the extent that they are inconsistent therewith.

22. Responding to paragraph 22 of the Complaint, Uber denies each and every allegation contained in paragraph 22.

23. Responding to paragraph 23 of the Complaint, Uber states that Uber lacks sufficient information to admit or deny the allegations contained in paragraph 23 and, on that basis, denies each and every allegation contained in paragraph 23.

24. Responding to paragraph 24 of the Complaint, Uber admits that it communicates with users via text message regarding various aspects of their relationship or account with Uber after receiving users' consent to receive such communications, and denies the remainder of the allegations in paragraph 24 to the extent that they are inconsistent therewith.

25. Responding to paragraph 25 of the Complaint, Uber admits that it has used Twilio's platform in certain circumstances to send text messages to users who have provided their consent to receive such messages from Uber. Uber further states that it lacks sufficient information to admit or deny the remainder of the allegations in paragraph 25, on that basis, denies them.

26. Responding to paragraph 26 of the Complaint, Uber lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint, and therefore denies them.

27. Responding to paragraph 27 of the Complaint, Uber lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint, and therefore denies them.

28. Responding to paragraph 28 of the Complaint, Uber states that, to the extent the allegations in paragraph 28 state conclusions of law, no response thereto is required. To the extent the allegations contained in paragraph 28 do not state conclusions of law, Uber denies each and every allegation contained in paragraph 28.

29. Responding to paragraph 29 of the Complaint, Uber lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint, and therefore denies them except that it admits that an Uber employee provided some information to NBC affiliates concerning certain text messages.

30. Responding to paragraph 30 of the Complaint, Uber denies each and every allegation contained in paragraph 30.

31. Responding to paragraph 31 of the Complaint, Uber lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint, and therefore denies them except that it admits that an Uber employee provided some information to NBC affiliates concerning certain text messages.

32. Responding to paragraph 32 of the Complaint, Uber states that the allegations in paragraph 32 state conclusions of law, and no response thereto is required.

33. Responding to paragraph 33 of the Complaint Uber lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint, and therefore denies them.

34. Responding to paragraph 34 of the Complaint, Uber lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint, and therefore denies them.

35. Responding to paragraph 35 of the Complaint, Uber lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint, and therefore denies them.

36. Responding to paragraph 36 of the Complaint, Uber lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint, and therefore denies them.

37. Responding to paragraph 37 of the Complaint, Uber lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint, and therefore denies them.

38. Responding to paragraph 38 of the Complaint, Uber states that, to the extent the allegations in paragraph 38 state conclusions of law, no response thereto is required. To the extent the allegations contained in paragraph 38 do not state conclusions of law, Uber lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint, and therefore denies them.

39. Responding to paragraph 39 of the Complaint, Uber lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Complaint, and therefore denies them.

40. Responding to paragraph 40 of the Complaint, Uber states that, to the extent the allegations in paragraph 40 state conclusions of law, no response thereto is required. To the extent the allegations contained in paragraph 40 do not state conclusions of law, Uber lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint, and therefore denies them.

41. Responding to paragraph 41 of the Complaint, Uber states that, to the extent the allegations in paragraph 41 state conclusions of law, no response thereto is required. To the extent the allegations contained in paragraph 41 do not state conclusions of law, Uber denies each and every allegation contained in paragraph 41.

42. Responding to paragraph 42 of the Complaint, Uber states that, to the extent the allegations in paragraph 42 state conclusions of law, no response thereto is required. To the extent the allegations contained in paragraph 42 do not state conclusions of law, Uber denies each and every allegation contained in paragraph 42 except admits that it was named as a defendant in an action captioned *Vergara, et al. v. Uber Technologies, Inc.*, No. 1:15-cv-06942 (N.D. Ill.) and that on February 27, 2018 the court in that case issued an order granting final approval to a class-wide settlement.

## CLASS ALLEGATIONS

43. Responding to paragraph 43 of the Complaint, Uber states that Plaintiff purports to bring claims on behalf of all other persons or entities as described in paragraph 43 but denies that any class can be certified in this matter. Uber further states that, to the extent the allegations in paragraph 43 state conclusions of law, no response thereto is required. To the extent the allegations contained in paragraph 43 do not state conclusions of law, Uber denies each and every allegation contained in paragraph 43.

44. Responding to paragraph 44 of the Complaint, Uber states that Plaintiff purports to bring claims on behalf of the class defined in paragraph 44 but denies that any class can be certified in this matter. Uber further states that, to the extent the allegations in paragraph 44 state conclusions of law, no response thereto is required. To the extent the allegations contained in paragraph 44 do not state conclusions of law, Uber denies each and every allegation contained in paragraph 44.

45.     Responding to paragraph 45 of the Complaint, Uber states that Plaintiff purports to exclude from the class the entities listed in paragraph 45 but denies that any class can be certified in this matter.

46.     Responding to paragraph 46 of the Complaint, Uber states that, to the extent the allegations in paragraph 46 state conclusions of law, no response thereto is required.  To the extent the allegations contained in paragraph 46 do not state conclusions of law, Uber denies each and every allegation contained in paragraph 46.  Uber denies that class treatment is appropriate.

47.     Responding to paragraph 47 of the Complaint, Uber states that, to the extent the allegations in paragraph 47 state conclusions of law, no response thereto is required.  To the extent the allegations contained in paragraph 47 do not state conclusions of law, Uber denies each and every allegation contained in paragraph 47.  Uber denies that class treatment is appropriate.

48.     Responding to paragraph 48 of the Complaint, Uber states that, to the extent the allegations in paragraph 48 state conclusions of law, no response thereto is required.  To the extent the allegations contained in paragraph 48 do not state conclusions of law, Uber denies each and every allegation contained in paragraph 48.  Uber denies that class treatment is appropriate.

49.     Responding to paragraph 49 of the Complaint and each of its subparts, Uber states that, to the extent the allegations in paragraph 49 state conclusions of law, no response thereto is required.  To the extent the allegations contained in paragraph 49 and its subparts do not state conclusions of law, Uber denies each and every allegation contained in paragraph 49.  Uber denies that class treatment is appropriate.

50.     Responding to paragraph 50 of the Complaint, Uber states that, to the extent the allegations in paragraph 50 state conclusions of law, no response thereto is required.  To the extent

the allegations contained in paragraph 50 do not state conclusions of law, Uber denies each and every allegation contained in paragraph 50.  Uber denies that class treatment is appropriate.

51. Responding to paragraph 51 of the Complaint, Uber states that, to the extent the allegations in paragraph 51 state conclusions of law, no response thereto is required.  To the extent the allegations contained in paragraph 51 do not state conclusions of law, Uber denies each and every allegation contained in paragraph 51.  Uber denies that class treatment is appropriate.

52. Responding to paragraph 52 of the Complaint, Uber states that, to the extent the allegations in paragraph 52 state conclusions of law, no response thereto is required.  To the extent the allegations contained in paragraph 52 do not state conclusions of law, Uber denies each and every allegation contained in paragraph 52.  Uber denies that class treatment is appropriate.

53. Responding to paragraph 53 of the Complaint, Uber states that, to the extent the allegations in paragraph 53 state conclusions of law, no response thereto is required.  To the extent the allegations contained in paragraph 53 do not state conclusions of law, Uber denies each and every allegation contained in paragraph 53.  Uber denies that class treatment is appropriate.

54. Responding to paragraph 54 of the Complaint, Uber states that, to the extent the allegations in paragraph 54 state conclusions of law, no response thereto is required.  To the extent the allegations contained in paragraph 54 do not state conclusions of law, Uber denies each and every allegation contained in paragraph 54.  Uber denies that class treatment is appropriate.

55. Responding to paragraph 55 of the Complaint, Uber states that, to the extent the allegations in paragraph 55 state conclusions of law, no response thereto is required.  To the extent the allegations contained in paragraph 55 do not state conclusions of law, Uber denies each and every allegation contained in paragraph 55.  Uber denies that class treatment is appropriate. Plaintiff has been notified that a nearly identical putative class action is currently pending in the

United States District Court for the Northern District of California, captioned *In re Uber Text Messaging*, No. 4:18-cv-02931-HSG (N.D. Cal.)

## CLAIMS FOR RELIEF

### COUNT I
### Violations of the TCPA, 47 U.S.C. § 227(b)

56. Responding to paragraph 56 of the Complaint, Uber restates and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

57. Responding to paragraph 57 of the Complaint, Uber states that the allegations in paragraph 57 state conclusions of law, and no response thereto is required.

58. Responding to paragraph 58 of the Complaint, Uber states that, to the extent the allegations in paragraph 58 state conclusions of law, no response thereto is required. To the extent the allegations contained in paragraph 58 do not state conclusions of law, Uber denies each and every allegation contained in paragraph 58.

59. Responding to paragraph 59 of the Complaint, Uber denies each and every allegation contained in paragraph 59.

60. Responding to paragraph 60 of the Complaint, Uber states that, to the extent the allegations in paragraph 60 state conclusions of law, no response thereto is required. To the extent the allegations contained in paragraph 60 do not state conclusions of law, Uber denies each and every allegation contained in paragraph 60.

61. Responding to paragraph 61 of the Complaint, Uber states that, to the extent the allegations in paragraph 61 state conclusions of law, no response thereto is required. To the extent the allegations contained in paragraph 61 do not state conclusions of law, Uber denies each and every allegation contained in paragraph 61.

Responding to the Paragraph following Paragraph 61, beginning with "WHEREFORE," Uber denies that Plaintiff or the members of the purported class are entitled to relief of any kind, and denies each and every allegation contained in this section, including subparts a-d.

## JURY DEMAND

62. Responding to Paragraph 62 of the Complaint, Uber states that Plaintiff purports to demand a trial by jury.

## AFFIRMATIVE DEFENSES

As to the affirmative defenses to the Complaint, Uber does not, by stating the matters set forth in these defenses, allege or admit that it has the burden of proof and/or persuasion with respect to any of these matters, and does not assume the burden of proof or persuasion as to any matters as to which Plaintiff has the burden of proof or persuasion.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff lacks standing because he has not suffered any cognizable injury-in-fact and therefore the Court lacks subject matter jurisdiction over Plaintiff's claim.

### THIRD AFFIRMATIVE DEFENSE

Some or all of the Plaintiff's claims and/or the claims of the Putative Class are barred by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff and members of the Putative Class are barred from relief in this action, in whole or in part, under the doctrine of waiver.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff and the members of the Putative Class are barred from relief in this action, in whole or in part, because they have released their claims, including pursuant to the class action settlement in *Vergara, et al. v. Uber Technologies, Inc.*, No. 1:15-cv-06942 (N.D. Ill.).

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff and members of the Putative Class are barred from relief in this action, in whole or in part, because they gave prior express consent to receive the alleged text messages at issue.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff and members of the Putative Class are barred from relief in this action, in whole or in part, to the extent that any of the text messages at issue in this case were sent to a telephone number shared by, or assumed by, or otherwise associated with a person or business who had consented to receive the text messages at issue.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff and members of the Putative Class are barred from seeking any injunctive relief in this action, in whole or in part, because Plaintiff and the members of the Putative class have an adequate remedy at law.

## NINTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff or the members of the Putative Class have suffered injury or damages, such injury or damages were not caused by any conduct or inaction by Uber but were caused by others, were not foreseeable, or both.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's and the Putative Class members' claims are barred, in whole or in part, because any injuries sustained by Plaintiff and the Putative Class members were the result of the intervening or superseding conduct of others.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's and the Putative Class members' claims are barred because the TCPA penalty provision is unconstitutional under the United States Constitute as an excessive fine. With respect to Plaintiff's claim for damages, Uber incorporates all limitations on damage awards, including the decisions in *BMW of North America v. Gore*, 517 U.S. 559 (1996) and *State Farm Mutual Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

## TWELFTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and/or the Putative Class are barred because they did not sustain any loss, damage, harm, or detriment as a result of any acts or omissions by Uber.

## THIRTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and/or the Putative Cass are barred because the damages claimed by Plaintiff in the Complaint are too speculative to support any cognizable claim for relief.

## FOURTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and/or the Putative Class are barred to the extent that Uber did not initiate any text messages to Plaintiff or to members of the Putative Class, has not violated any law or regulation within the scope of the Complaint, and is not liable for any damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has not validly stated a class of litigants capable of being certified under Federal Rule of Civil Procedure 23 and/or any other applicable rules and/or statutes.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff and members of the Putative Class are barred from relief in this action because the TCPA violates the First Amendment of the United States Constitution.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The Court lacks personal jurisdiction over Uber with respect to the potential claims of non-Florida putative class members. The Fourteenth Amendment's due process clause precludes nonresident putative class members allegedly injured outside the forum from aggregating their claims with an in-forum resident. *See Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773 (2017).

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff and members of the Putative Class are barred from relief in this action, in whole or in part, under the doctrine of estoppel.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff and members of the Putative Class are barred from relief in this action, in whole or in part, under the doctrine of unclean hands.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff and members of the Putative Class are barred from seeking relief in this forum, in whole or in part, because they agreed to arbitrate their claims against Uber.

### RESERVATION OF RIGHTS

Uber hereby gives notice that it intends to rely upon such other further affirmative defenses as may become available during discovery in this action and reserves the right to amend its Answer to assert any such defenses as necessary.

### PRAYER FOR RELIEF

WHEREFORE, on the purported claims for relief asserted against Uber in the Complaint, Uber prays for judgment as follows:

That Plaintiff's request for certification of a class be denied;

That the relief sought by Plaintiff in the Prayer for Relief of the Complaint be denied;

That the Complaint be dismissed in its entirety, judgment be entered in favor of Uber, and that the Court award Uber reasonable attorneys' fees and expenses and the costs and disbursements of defending this action along with such other and further relief as the Court deems just and proper.

Dated:  March 13, 2019

Respectfully submitted

/s/ Brandon T. White
Edward M. Mullins, Esq. (FBN: 863920)
emullins@reedsmith.com
Brandon T. White, Esq. (FBN: 106792)
bwhite@reedsmith.com
**REED SMITH LLP**
1001 Brickell Bay Drive
Suite 900
Miami, Florida 33131
Telephone:  (786) 747-0200
Facsimile:  (786) 747-0299

Tiffany Cheung, Esq.*
TCheung@mofo.com
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, CA 94105-2482
Telephone:  415.268-7000

Adam Hunt, Esq.*
Adam.Hunt@mofo.com
MORRISON & FOERSTER LLP
250 W. 55th Street
New York, NY  10019-9601
Telephone:  (212) 336-4341

*Admitted Pro Hac Vice*

Attorneys for Defendant
*UBER TECHNOLOGIES, INC.*

16

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on March 13, 2019 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel or parties of record.

                                                                         */s/Brandon T. White*
                                                                         Brandon T. White, Esq.