UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL GLASGO,

    Plaintiff,
v.           Case No. 8:19-cv-97-T-33AAS

UBER TECHNOLOGIES, INC.,

    Defendant.
_____/

**ORDER**

This matter comes before the Court upon consideration of Defendant Uber Technologies, Inc.'s Motion to Stay (Doc. # 17), filed on March 8, 2019. Plaintiff Michael Glasgo responded in opposition on March 22, 2019. (Doc. # 23). For the reasons that follow, the Motion is denied.

**Discussion**

On March 8, 2019, Uber filed its Motion to Dismiss, Transfer, or Stay Action, arguing this action "is duplicative of a nearly identical action, In re Uber Text Messaging, No. 4:18-cv-02931-HSG, pending in the Northern District of California, which consolidated three separate actions filed last year . . . because both [actions] allege nationwide TCPA claims against Uber based on the same alleged 'Uber Code' messages." (Doc. # 16 at ¶ 2). That same day, Uber filed the

1

instant Motion to Stay, arguing the Court should stay these proceedings pending the resolution of its Motion to Dismiss, Transfer, or Stay. (Doc. # 17 at ¶ 1).

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)). Deciding whether to stay a case "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Landis, 299 U.S. at 254-55. This Court considers "several factors when evaluating a request for a stay, including prejudice to the non-moving party, whether the requested stay would simplify and clarify the issues, and whether the potential stay would reduce the burden of litigation on the parties and on the court." Mackiewicz v. Nationstar Mortg., LLC, No. 6:15-cv-465-Orl-18GJK, 2015 WL 11983233, at *1 (M.D. Fla. Nov. 10, 2015) (citing Freedom Sci., Inc. v. Enhanced Vision Sys., No. 8:11-cv-1194-T-17AEP, 2012 U.S. Dist. LEXIS 11410, at *2 (M.D. Fla. Jan. 21, 2012)).

Uber argues granting "a stay will preserve valuable judicial resources by allowing the Court to focus on deciding the pending motion to transfer." (Doc. # 17 at 6). The Court

has an independent obligation to move its cases forward to resolution as expeditiously as possible. See <u>Chudasama v. Mazda Motor Corp.</u>, 123 F.3d 1353, 1366 (11th Cir. 1997) ("District courts must take an active role in managing cases on their docket."). Staying these proceedings while the Court rules on Uber's Motion to Dismiss, Transfer, or Stay does not serve that goal. The Court's Fast-Track Scheduling Order, which is specifically designed for the speedy and inexpensive resolution of TCPA cases, has already stayed discovery except as necessary to obtain and provide the information set forth in the Scheduling Order. (Doc. # 6 at 1, 4). Furthermore, Glasgo objects to the Motion to Stay, arguing he will be prejudiced by a stay. (Doc. # 23 at 6-7).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Uber Technologies, Inc.'s Motion to Stay (Doc. # 17) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>25th</u> day of March, 2019.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE